UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| SHANE GRANEY, Individually and as Co-Administrator of the Estate of Zachary Graney, and KARRY GRANEY, Individually and as Co-Administrator of the Estate of Zachary Graney,<br><br>Plaintiffs,<br><br>vs.<br><br>MERCY HEALTH SERVICES-IOWA, CORP., d/b/a MERCY MEDICAL CENTER-NORTH IOWA,<br><br>Defendant. | No. 3:12-cv-03094-MWB<br><br>**DEFENDANT'S MOTION TO COMPEL DISCLOSURE OF EXPERT INFORMATION AND REPORTS AND OTHER REQUESTED DOCUMENTS AND INFORMATION** |

Defendant Mercy Health Services-Iowa Corp., d/b/a Mercy Medical Center-North Iowa (Mercy), pursuant to Federal Rule 37(a), Local Rule 37.1 and Iowa Code section 668.11, for its Motion for to Compel Disclosure of Expert Information and Reports and Other Requested Documents and Information, states as follows:

1. Pursuant to this Court's Scheduling Order and Discovery Plan:

    a) Plaintiffs were to designate their expert witnesses on or before June 3, 2013, pursuant to Iowa Code section 668.11;

    b) Discovery closes on October 15, 2013, and

    c) The parties are to be ready for trial by December 1, 2013.

Exhibit A.

2. Plaintiffs have not designated or disclosed any expert witnesses, nor have they disclosed any expert opinions or reports. In that connection, Plaintiffs have failed to respond discovery requests and correspondence seeking expert information.

3. On December 20, 2012, Mercy served written discovery on Plaintiffs, which requested among other things the identities, opinions and reports of Plaintiffs' expert witnesses. Exhibits B-D.

4. On February 22, 2013, and again of March 13, 2013, Mercy's counsel wrote Plaintiffs to advise them that their responses to Mercy's written discovery were overdue. Exhibits E and F.

5. To date, Plaintiffs have never responded to Mercy's Request for Production of Documents or produced any responsive documents, and Plaintiff Karry Graney has never answered any of the interrogatories directed to her.

6. On March 25, 2013, Plaintiffs served answers to interrogatories directed to Plaintiff Shane Graney. In response to Interrogatory Number 16, Plaintiffs stated that they had not determined the identity or opinions of their expert witnesses, but that such "information will be forthcoming." Exhibit G.

7. On March 25, 2013, Mercy's counsel reminded Plaintiffs that Plaintiffs had still not responded to Mercy's Request for Production of Documents. Exhibit H.

8. On April 24, 2013, Mercy's counsel wrote Plaintiffs, and requested a response to outstanding discovery, including complete answers to Mercy's interrogatories, expert information, a response to Mercy's request for production of documents and responsive documents. Exhibit I.

9. On May 7, 2013, following Plaintiffs' documented failure to cooperate with Mercy in preparing the Scheduling Order and Discovery Plan, Plaintiffs were advised by the Court that they were required to follow the Court's rules and to participate in the discovery

2

process. Exhibit J. Plaintiffs were further advised that failure to comply the Court's rules would subject them to sanctions, up to and including dismissal of this case. *Id.*

10. On May 8, 3013, Mercy's counsel sent Plaintiffs another letter advising Plaintiffs that Iowa Code section 668.11 required them to designate their expert witnesses within 180 days of the answer. Exhibit K. Mercy's counsel also reminded Plaintiffs that they needed to supplement their answers to Mercy's interrogatories and respond to Mercy's request for production of documents. *Id.*

11. On June 10, 2013, Mercy's counsel made one final informal attempt to secure its requested discovery from Plaintiffs. Mercy's counsel again reminded Plaintiffs that their answers to interrogatories needed to be supplemented and that Plaintiffs needed to respond to the request for production of documents as well as provide responsive documents. Exhibit L. Mercy's counsel went on to advise Plaintiffs' that their expert designation deadline as set by Iowa Code § 668.11 and the Court's Scheduling Order and Discovery Plan had passed on June 3, 2013. Id. Finally, Mercy's counsel advised Plaintiffs that if Mercy did not receive Plaintiffs' discovery responses, Mercy would file a motion with the Court.

12. This case involves complex medical issues. Plaintiffs' continued refusal to participate in the discovery and litigation process has been highly prejudicial to Mercy. Not only has Mercy incurred increased litigation costs, it has been unable to prepare a defense to this case. It is particularly imperative that Mercy know at an early stage of the litigation who Plaintiffs' experts are and what opinions they hold to allow Mercy to conduct discovery and prepare for trial.

13.  Mercy's counsel has communicated with Plaintiffs in good faith to secure the information required by its Interrogatories and Request for Production of Documents, including the expert information also required by Iowa Code section 668.11.

14.  The Declaration under penalty of perjury as required by Local Rule 37.1(a) is annexed hereto as Exhibit M.

WHEREFORE, Mercy prays the Court enter an Order requiring Plaintiffs to provide within seven days of the Court's order:

1)  the identities and opinions or reports of any of Plaintiffs' experts;

2)  a response to Mercy's request for production of documents and any responsive documents; and

3)  complete answers to Mercy's interrogatories.

*Connie Alt*

CONNIE ALT     AT0000497
KERRY A. FINLEY     ATT002479
for
SHUTTLEWORTH & INGERSOLL, P.C.
500 US Bank Bldg., P.O. Box 2107
Cedar Rapids, IA 52406
PHONE: (319) 365-9461
FAX: (319) 365-8564
cma@shuttleworthlaw.com

ATTORNEYS FOR DEFENDANT

Copy to:

Shane Graney
Karry Graney
248 12th Street, SE
Mason City, IA 50401
*PRO SE*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of this document was served upon counsel of record for each party to the action on:

_July 15_, 2013

By: [X] U.S. Mail       [ ] Fax
    [ ] Hand Delivery [X] Email

Signature: _K. Frieden_

5

Case 3:12-cv-03094-MWB-LTS   Document 12   Filed 07/15/13   Page 5 of 5