IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| SHANE GRANEY, Individually and as Co-Administrator of the Estate of Zachary Graney, and KARRY GRANEY, Individually and as Co-Administrator of the Estate of Zachary Graney,<br><br>Plaintiffs,<br><br>vs.<br><br>MERCY HEALTH SERVICES-IOWA, CORP., d/b/a Mercy Medical Center-North Iowa,<br><br>Defendant. | No. C12-3094-MWB<br><br>**REPORT<br>AND RECOMMENDATION** |

*INTRODUCTION*

This case is before me on defendant's August 29, 2013, motion (Doc. No. 14) to dismiss or, alternatively, for other sanctions. Plaintiffs' resistance was due September 16, 2013. They did not resist. As such, the motion is fully submitted.

*PROCEDURAL BACKGROUND*

Plaintiffs Shane Graney and Karry Graney, in their individual capacities and as co-administrators of the estate of Zachary Graney, filed this case on October 22, 2012, in the Iowa District Court for Cerro Gordo County. Their state court petition, filed *pro se* but drafted with the assistance of an attorney,[1] describes an incident that occurred on

---

[1] The petition is signed only by the plaintiffs. It includes a statement that it was prepared for them by an attorney but that the attorney is not representing them in this case. Petition p. 4.

October 22, 2010, when Zachary Graney was 16 years old. Plaintiffs allege that Zachary was found unresponsive outside a convenience store and was taken to Mercy Medical Center – North Iowa in Mason City. They further allege that after "a delay of some time," Zachary was treated in the emergency department but died the following day "of probable cardiac arrhythmia." Petition ¶ 7. The petition includes claims against defendant Mercy Health Services-Iowa Corp., d/b/a Mercy Medical Center – North Iowa ("Mercy"), for wrongful death and loss of parental consortium. Plaintiffs allege that Mercy and its employees were negligent in the diagnosis, care and treatment of Zachary. *Id.* ¶ 9. The petition also includes a claim that Mercy violated the Federal Emergency Medical Treatment and Active Labor Act (EMTALA) by failing to provide an appropriate medical screening examination for Zachary. *Id.* ¶¶ 15-19.

Mercy removed (Doc. No. 1) the case to this court on December 4, 2012, alleging federal question jurisdiction based on the EMTALA claim. Mercy then filed an answer (Doc. No. 4) on December 10, 2012. The answer includes Mercy's denial of liability and certain affirmative defenses.

After this relatively-normal beginning, this case fell off the tracks quickly. On May 7, 2013, I entered an order (Doc. No. 7) addressing the parties' failure to submit a proposed scheduling order and discovery plan. I noted that Mercy's counsel had submitted documentation of their unsuccessful efforts to confer with plaintiffs about a proposed order. I then stated:

> Under our local rules, the parties "are jointly responsible for preparing a proposed scheduling order and discovery plan." *See* Local Rule 16(b). Because plaintiffs apparently failed to respond to defendant's effort to jointly prepare an order, defendant should have submitted a proposed order of its own. In short, both sides bear some fault for the fact that the proposed scheduling order is now long overdue.

Based on the foregoing:

1. The *pro se* plaintiffs shall confer by telephone with counsel for defendant for the purpose of preparing a joint proposed scheduling order and discovery plan pursuant to Local Rule 16(a). Because plaintiffs are proceeding without counsel, and because defendant is the party that removed the case to this court, counsel for defendant shall make good faith efforts to arrange that telephone conference no later than **May 21, 2013**.

2. Counsel for defendant shall submit a proposed scheduling order and discovery plan for my review on or before **May 24, 2013**. That document should be accompanied by a cover letter indicating whether it is being submitted jointly, based on a conference with plaintiffs, or unilaterally due to plaintiffs' failure to confer.

3. Plaintiffs are advised that they must follow this court's rules, even though they are not represented by counsel. This includes both the court's local rules and the Federal Rules of Civil Procedure. These rules may be accessed on the court's website, located at http://www.iand.uscourts.gov/e-web/home.nsf/home. Among other things, this means plaintiffs must participate in the discovery process. It appears they are not off to a good start. If they do not comply with this court's rules, they will be subject to sanctions up to and including the dismissal of this case.

Doc. No. 7 at 1-2. On May 23, 2013, I entered the following order (Doc. No. 8):

Pursuant to my order of May 7, 2013 (Doc. No. 7), counsel for defendant has submitted a proposed scheduling order and discovery plan for this case. Counsel also submitted a cover letter and attachments showing their repeated efforts to confer with the *pro se* plaintiffs about the preparation of that document. Unfortunately, it seems that the plaintiffs did nothing to comply with their obligation to confer.

I have reviewed defendant's proposed scheduling order and discovery plan and find that it is reasonable and appropriate. As such, I have approved the document and will file it to establish a schedule for this case and trigger the setting of a trial date. However, plaintiffs' ongoing failure to respond to defendant's counsel does not give me much hope that the case will ever get to trial.

> In my last order, I attempted to explain to the plaintiffs the importance of following this court's rules and orders. They obviously felt strongly enough about their case to file a lawsuit in the first place. However, there is more to a lawsuit than simply filing it, waiting a long time, and then having a trial. They will never get to trial unless they immediately begin complying with the court's rules and orders.
>
> For starters, that will include a careful review of the scheduling order for this case. It includes critical deadlines that are coming fast. If plaintiffs do not comply with those deadlines, or with their other obligations, defendant will have the right to file a motion requesting sanctions. Those sanctions could, and probably would, include the dismissal of this case. As such, if plaintiffs want to take this case to trial, they must immediately review the scheduling order and take action to follow it.

Doc. No. 8 at 1-2. On that same date, I entered the scheduling order and discovery plan (Doc. No. 9) in the form proposed by Mercy. That order established June 3, 2013, as plaintiffs' deadline for disclosing expert witnesses, and September 1, 2013, as Mercy's deadline for disclosing its experts. Doc. No. 9 at 1.

On July 15, 2013, Mercy filed a motion (Doc. No. 12) to compel discovery. Mercy explained that it had served interrogatories and document requests several months earlier. While plaintiff Shane Graney had served answers to some interrogatories, plaintiff Karry Graney had provided no answers. Mercy also noted that the plaintiffs had not served responses to any document requests and had not produced any requested documents. In addition, Mercy stated that the plaintiffs had not yet disclosed any information about their expert witnesses, although their deadline for doing so had expired several weeks earlier. Mercy documented its various unsuccessful efforts to discuss these issues with plaintiffs. The motion requested entry of an order compelling production of the missing information.

4

Plaintiffs did not resist Mercy's motion.  On August 15, 2013, I entered an order (Doc. No. 13) granting the motion.  I used that order to warn plaintiffs, again, that they were perilously close to having their case dismissed due to their inaction.  I ordered them to produce all of the required information by August 28, 2013, and wrote:

> All of this information should have been provided long ago.  If plaintiffs do not comply with this order, defendant will be free to file a motion for sanctions up to and including the dismissal of this case.
>
> To be perfectly clear, this means that if the plaintiffs want this case to go to trial, they must get busy and provide the information listed above by August 28, 2013.  If they do not do what this order requires, this case is almost-certainly going to be dismissed.  If this case is dismissed, it is very likely that the plaintiffs will be barred from ever again trying to assert claims for damages based on the events described in their petition.

Doc. No. 13 at 2.

Mercy filed its present motion on August 29, 2013, the day after the deadline established by my most-recent order.  Mercy states that the plaintiffs have not identified any experts or produced any of the other information required by my August 15, 2013, order.  Mercy requests dismissal of this action as a sanction for plaintiffs' failure to engage in discovery and failure to comply with this court's orders.  As noted above, and consistent with past practice, plaintiffs have not filed a response to Mercy's motion.

## *ANALYSIS*

Federal Rule of Civil Procedure 37(b)(2)(A) provides that the court may impose sanctions for discovery violations, including dismissal of the action in whole or in part.  Dismissal with prejudice is "an extreme sanction that should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay."  *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000) (citing *Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1260 (8th Cir. 1997)).

Dismissal can "be considered as a sanction only if there is: (1) an order compelling discovery; (2) a willful violation of that order; and (3) prejudice to the other party." *Keefer v. Provident Life and Acc. Ins. Co.*, 238 F.3d 937, 940 (8th Cir. 2000) (citing *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000)). The Eighth Circuit Court of Appeals will "more closely scrutinize dismissal imposed as a discovery sanction because the opportunity to be heard is a litigant's most precious right and should sparingly be denied." *Id.* at 940–41 (internal quotation marks and citation omitted).

Here, there was an order compelling discovery. Specifically, my order of August 15, 2013, compelled production of expert witness information and other, long-overdue discovery information. It is undisputed that plaintiffs did not comply with that order. Nor did they even attempt compliance or, at least, seek additional time to comply. Under the circumstances, and in light of plaintiffs' other actions (or inactions) since Mercy removed this case to this court, I find that this violation was willful.[2] Plaintiffs did not resist Mercy's motion to compel. Nor did they resist Mercy's pending motion to dismiss. They have offered no explanation or excuse for their failure to comply with even the most-basic discovery and procedural requirements.

While I recognize that the plaintiffs are proceeding without the benefit of counsel, their *pro se* status is not a valid excuse. *See, e.g., Farnsworth v. Kansas City, Mo.*, 863 F.2d 33, 34 (8th Cir. 1988) (per curiam) (pro se litigants are not excused from complying with court orders). My prior orders in this case included my best efforts to

---

[2] For example, and as described in detail above, plaintiffs failed to comply with their obligation to confer with defense counsel to prepare a proposed scheduling order and discovery plan, despite being advised of that obligation by my order (Doc. No. 7) of May 7, 2013. They then violated the scheduling order (Doc. No. 9) by failing to disclose expert witness information on or before June 3, 2013. This repeated failure to comply with the rules of civil procedure or any order of this court provides additional grounds for dismissal beyond discovery violations. *See* Fed. R. Civ. P. 41(b) (stating that a defendant may move to dismiss an action based on plaintiff's failure to prosecute or comply with the rules of civil procedure or a court order and that such a dismissal operates as an adjudication on the merits.).

6

provide plain-language guidance about what plaintiffs were required to do in order to prevent the dismissal of this case. I told them how to locate the applicable rules of procedure (Doc. No. 7 at 2) and repeatedly warned them that this case would be dismissed unless they immediately started taking required action. *Id.*, *see also* Doc. No. 8 at 1-2; Doc. No. 13 at 1-2. Plaintiffs may have been able to save this case if they would have at least tried to comply. I find that their failure to make even a flawed, but good faith, attempt to comply with the basic obligations of being federal court litigants was a conscious decision by plaintiffs to ignore this court's orders and abandon this case.

I further find that Mercy has suffered prejudice as a result of plaintiffs' violations. Mercy served written discovery requests on plaintiffs early in this case. *See* Doc. No. 12 at Exs. B-D. While plaintiff Shane Graney provided some answers to basic interrogatories, plaintiff Karry Graney did not. Neither plaintiff has responded to document requests or produced any documents. Moreover, and despite the fact that this case includes allegations that Mercy was negligent in its diagnosis, care and treatment of Zachary Graney, plaintiffs have never provided any information concerning expert witness testimony. With discovery scheduled to close in less than one month (Doc. No. 9), there is no doubt that Mercy has been prejudiced in its ability to defend this case and prepare for trial.

I have considered the possibility of imposing sanctions that are less-severe than dismissal with prejudice. Mercy has indicated that if dismissal is not warranted, for some reason, then – at minimum – plaintiffs should be precluded from using expert testimony and should be ordered to pay the costs and attorney fees incurred in attempting to obtain discovery. Doc. No. 14 at 3. I find that plaintiffs' complete and total lack of action precludes imposition of a less-severe sanction. If they had made any effort over the past several months to do something – *anything* – to advance this case and comply with court orders, then I would have been inclined to impose a sanction other than

dismissal. It is one thing for a *pro se* party to attempt compliance and come up short. It is another thing entirely for any party, *pro se* or otherwise, to simply ignore court orders. I find that no purpose would be served by entering an order that imposes a lesser sanction. Such an order would necessarily require the establishment of yet another deadline for plaintiffs to take curative action – a deadline that would again be ignored.[3]

It is very unfortunate that this case has reached this point. Cases should be decided on their merits. Plaintiffs brought this case after suffering an unthinkable loss. As I noted almost four months ago: "They obviously felt strongly enough about their case to file a lawsuit in the first place." Doc. No. 8 at 1. However, it is now clear that plaintiffs have decided to abandon this case. They had many chances to take action but did not do so. While dismissal is an extreme sanction, I find that it is warranted under the circumstances present here. As such, I will recommend entry of an order dismissing this action with prejudice and entering judgment against plaintiffs.

### *Conclusion and Recommendation*

For the reasons discussed above, I RESPECTFULLY RECOMMEND that Mercy's unresisted August 29, 2013, motion (Doc. No. 14) to dismiss or, alternatively, for other sanctions, be **granted**, and that this case be **dismissed with prejudice**, with judgment being entered in favor of Mercy and against the plaintiffs.

---

[3] Moreover, an order precluding plaintiffs from presenting expert witness testimony at trial would, under Iowa law, likely result in the ultimate entry of summary judgment with regard to all claims except, perhaps, the federal EMTALA claim. *See, e.g., Graeve v. Cherny*, 580 N.W.2d 800, 801 (Iowa 1998) ("Expert testimony is ordinarily required in medical malpractice cases in order to establish a prima facie case of negligence."). Expert testimony may not be necessary if the issues relevant to liability are within the common understanding of a typical juror. *Thompson v. Embassy Rehab. and Care Center*, 604 N.W.2d 643, 646 (Iowa 2000) (citing *Schlader v. Interstate Power Co.*, 591 N.W.2d 10, 14 (Iowa 1999)). Based on the limited information in the current record, I do not believe plaintiffs' claims of negligent diagnosis, care and treatment would fall within this "no expert needed" category.

Objections to this Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b) must be filed within fourteen (14) days of the service of a copy of this Report and Recommendation. Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* Fed. R. Civ. P. 72. Failure to object to the Report and Recommendation waives the right to *de novo* review by the district court of any portion of the Report and Recommendation as well as the right to appeal from the findings of fact contained therein. *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

**IT IS SO ORDERED.**

**DATED** this 18th day of September, 2013.

_____
LEONARD T. STRAND
UNITED STATES MAGISTRATE JUDGE