# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| SHANE GRANEY, Individually and as Co-Administrator of the Estate of Zachary Graney, and KARRY GRANEY, Individually and as Co-Administrator of the Estate of Zachary Graney,<br><br>Plaintiffs,<br>vs.<br><br>MERCY HEALTH SERVICES–IOWA, CORP., d/b/a Mercy Medical Center–North Iowa,<br><br>Defendant. | No. C 12-3094-MWB<br><br>**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION FOR DISMISSAL** |

_____

This case—alleging wrongful death, loss of parental consortium, and failure to provide an appropriate medical screening examination of the plaintiff's sixteen-year-old son, resulting in his death from probable cardiac arrhythmia—is before me on the September 18, 2013, Report And Recommendation (docket no. 15) by United States Magistrate Judge Leonard T. Strand.  In his Report And Recommendation, Judge Strand recommends that defendant Mercy's unresisted August 29, 2013, Motion To Dismiss Or, Alternatively, For Other Sanctions With An Extension Of Mercy's Expert Designation Deadline (docket no. 14) be granted, that this case be dismissed with prejudice, and that judgment be entered in favor of defendant Mercy and against the plaintiffs.  Judge Strand so recommends in light of the plaintiffs' persistent failure to respond to motions, discovery requests, statuory-, rule-, and court-imposed deadlines, and court orders.  No timely objections to the Report And Recommendation have been filed, nor have the plaintiffs requested additional time to file any objections.

The applicable statute, 28 U.S.C. § 636(b)(1), provides for *de novo* review by the district judge of a magistrate judge's report and recommendation only when objections are made, as follows:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2006); *see* FED. R. CIV. P. 72(b) (stating identical requirements); N.D. IA. L.R. 72, 72.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). This statutory standard does not preclude review by the district court in other circumstances, *see Thomas v. Arn*, 474 U.S. 140, 154 (1985), and the Eighth Circuit Court of Appeals has indicated that a district court should review the portions of a magistrate judge's report and recommendation to which no objections have been made under a "clearly erroneous" standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that, when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting that the advisory committee's note to FED. R. CIV. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record"). Review for clear error, even when no objections have been made, is also consistent with "retention by the district court of substantial control over the ultimate disposition of matters referred to a magistrate." *Belk v. Purkett*, 15 F.3d 803, 816 (8th Cir. 1994).

The Eighth Circuit Court of Appeals has not explained precisely what "clear error" review means in this context. In other contexts, however, the Supreme Court has stated that the "foremost" principle under this standard of review "is that '[a] finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Reviewing Judge Strand's Report And Recommendation with these standards in mind, I find no error, clear or otherwise, in his recommended disposition. As the Eighth Circuit Court of Appeals has explained,

> A district court may dismiss with prejudice a cause of action "for failure of a plaintiff to prosecute or comply with these rules or any court order." Fed.R.Civ.P. 41(b). "Despite the breadth of this language, however, we have recognized that dismissal with prejudice is an extreme sanction that should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." *Hunt [v. City of Minneapolis]*, 203 F.3d [524,] 527 [(8th Cir. 2000)] (citing *Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1260 (8th Cir.1997)). A plaintiff need not have acted in bad faith, but the district court must find that the plaintiff "acted intentionally as opposed to accidentally or involuntarily." *Id*. "A district court should weigh its need to advance its burdened docket against the consequence of irrevocably extinguishing the litigant's claim and consider whether a less severe sanction could remedy the effect of the litigant's transgressions on the court and the resulting prejudice to the opposing party." *Id*. (citation omitted).

*Arnold v. ADT Sec. Servics., Inc.*, 627 F.3d 716, 722 (8th Cir. 2010).

Furthermore, dismissal may be a sanction for violations of discovery orders, within the scope of Rule 37 of the Federal Rules of Civil Procedure. *Sentis Group, Inc., Coral Group, Inc. v. Shell Oil Co.*, 559 F.3d 888, 899 (8th Cir. 2009). "To

justify a sanction of dismissal, Rule 37 requires: '(1) an order compelling discovery, (2) a willful violation of that order, and (3) prejudice to the other party.'" *Id.* (quoting *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000)). Because "[t]he sanction of dismissal is among the harshest of sanctions, and there is a strong policy favoring a trial on the merits and against depriving a party of his day in court," the Eighth Circuit Court of Appeals has observed that "the district court's discretion [to impose discovery sanctions] narrows as the severity of the sanction or remedy it elects increases." *Id*. at 898-99 (internal quotation marks and citations omitted). Consequently, although a district court need not impose the least onerous sanction for discovery failures, fairness requires it to consider whether a lesser sanction is available or appropriate before dismissing a case with prejudice. *Keefer v. Provident Life and Accident Ins. Co.*, 238 F.3d 937, 941 (8th Cir. 2000). The sanction of dismissal for failure to respond to discovery may be appropriate when the sanctioned party ignored numerous warnings by the district court of the consequences of failure to comply. *Id.* "[A] court may find willful disobedience sufficient to support dismissal when a party employs stall tactics and disregards court orders." *In re O'Brien*, 351 F.3d 832, 836 (8th Cir. 2003) (citing *Schoffstall*, 223 F.3d 824).

Judge Strand noted that the plaintiffs are prosecuting this action *pro se*, although their original state-court petition was drafted with the assistance of an attorney. Report And Recommendation at 1 & n.2. *Pro se* litigants are not excused from complying with court orders, *Farnsworth v. Kansas City, Mo.*, 863 F.2d 33, 34 (8th Cir. 1988) (*per curiam*), or procedural law, *see Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986).

Judge Strand's recommendation for dismissal as a sanction for failure to participate in discovery and for failure to obey court orders is fully warranted here. Judge Strand set out in detail the plaintiffs' history of failing to respond to discovery

4

requests, motions, deadlines, and court orders. Indeed, the plaintiffs have done the nearest thing to nothing since this action was filed and removed to this federal court as it is possible to get, which has resulted in a complete failure to prosecute this action. Judge Strand also detailed his various warnings to the plaintiffs both that discovery and compliance with court orders was required and that the consequences for failing to participate in discovery or to comply with court orders could—indeed, he warned, were likely to—result in dismissal with prejudice and the loss of the opportunity to pursue their claims in the future. I note that Judge Strand made every effort to cast these warnings in plain English, not legalese that might have obscured the seriousness of the plaintiffs' failings or the consequences of continued failings. On this record, Judge Strand's finding that the plaintiffs' repeated failings were willful is entirely justified. Judge Strand's finding that defendant Mercy has been prejudiced by the plaintiffs' failure to consult on scheduling matters, respond to discovery requests, or respond to motions and orders also is not clearly erroneous, but well supported by the record, where the plaintiffs' conduct has made Mercy's attempts at discovery and to prepare to defend the case all but impossible. Judge Strand also considered the appropriateness and the likely effectiveness of lesser sanctions and did not clearly err by concluding that lesser sanctions are not warranted, in light of the plaintiffs' repeated failures to respond to orders and warnings.

Like Judge Strand, I find that "[i]t is very unfortunate that this case has reached this point," that "[c]ases should be decided on their merits," and that the "[p]laintiffs brought this case after suffering an unthinkable loss." Report And Recommendation at 8. Nevertheless, this is the sort of extreme case in which the plaintiffs' complete failure to prosecute the action, follow court orders, respond to motions and deadlines, or comply with discovery requests warrant the harsh sanction of dismissal.

THEREFORE, I hereby **adopt** the September 18, 2013, Report And Recommendation (docket no. 15) by United States Magistrate Judge Leonard T. Strand; **grant** defendant Mercy's unresisted August 29, 2013, Motion To Dismiss Or, Alternatively, For Other Sanctions With An Extension Of Mercy's Expert Designation Deadline (docket no. 14); **dismiss** this case *with prejudice*; and **direct that judgment be entered** in favor of defendant Mercy and against the plaintiffs.

**IT IS SO ORDERED**.

**DATED** this 23rd day of October, 2013.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA